UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:23cv22532

DANIEL COHEN,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.

_____/

COMPLAINT

COMES NOW, the Plaintiff, DANIEL COHEN, by and through the undersigned counsel, sues the Defendant, ROYAL CARIBBEAN CRUISES LTD., and alleges as follows:

PARTIES, JURISDICTION AND VENUE

1. DANIEL COHEN ("Plaintiff"), is a United States Citizen whose principal and permanent residence is located in Hollywood, Broward County, Florida, and is otherwise *sui juris.*

2. ROYAL CARIBBEAN CRUISES LTD., (ROYAL) is a foreign entity with its principal place of business in Miami, Florida.

3. At all times material hereto, ROYAL owned a premises located on a peninsula contiguous with the island of Hispaniola, in the country of Haiti known as "Labadee."

4. This action arises under 28 U.S.C. § 1333, the admiralty jurisdiction of the Court. Further, this matter is being filed in the United States District Court for the Southern District of

1

Florida located in Miami-Dade County, Florida, as required by the forum-selection clause contained within the Passenger Ticket Contract issued by Defendant. Upon information and belief, Defendant is in possession of a copy of the subject ticket contract.

5. At all times material hereto, ROYAL has operated, conducted, engaged in, or carried on an ongoing substantial and not isolated business venture in this state and/or county and had an office or agency in this state and/or county.

6. At all times material hereto, ROYAL operated maritime cruise vessels in the waters of this state for paying passengers, including Plaintiff.

7. At all times material hereto, ROYAL reserved the use of Labadee in Haiti for the exclusive use of passengers and crew on visiting passenger cruise ships operated by ROYAL and subsidiaries of ROYAL.

8. At all times material hereto, visits to Labadee by passenger on ROYAL cruise ships were arranged exclusively through ROYAL, through the use of the ROYAL website, ROYAL promotional materials, and excursion desks on ROYAL vessels.

9. At all times material hereto, passengers on passenger cruise vessels operated by ROYAL and departing from and returning to ports in the United States, including ports in the State of Florida, would have the opportunity to visits Labadee through excursions purchased from and arranged by ROYAL.

10. At all times while active cruise ship sailing has been allowed, ROYAL passenger vessels have made regular, scheduled stops at Labadee, as part of the scheduled itinerary for each voyage, with over 721,000 passengers making stops in Labadee in 2019 alone.

11. During each visit to Labadee by a ROYAL vessel, ROYAL passengers and crew and other guests and contractors of ROYAL and ROYAL subsidiaries or affiliates as authorized by ROYAL are the only individuals present or allowed to be present on Labadee.

12. At all times material hereto, Plaintiff, DANIEL COHEN, a resident of Florida, was a passenger on the ROYAL cruise vessel, *Allure of the Seas*, on a voyage departing from, and returning to, Florida, with a scheduled stop in Labadee.

13. At all times material hereto, Plaintiff, DANIEL COHEN, as part of and in the course and scope of his voyage on the *Allure of the Seas*, visited Labadee as a ROYAL passenger arranging an excursion to Labadee and thereby authorized to visit the peninsula.

14. In the operative ticket contract, ROYAL requires fare paying passengers such as Plaintiff to bring any lawsuit against ROYAL arising out of injuries or events on the cruise voyage in the Southern District of Florida. Accordingly, venue is proper.

15. Venue is also proper because ROYAL's principal place of businesss is located in Miami, Florida, which is within this district.

16. All conditions precedent for filing and maintain this action have been fulfilled, have been waived, or do not apply.

## FACTS GIVING RISE TO CAUSE OF ACTION

17. At all times material hereto, ROYAL was engaged in the business of operating maritime cruise vessels for fare paying passengers, specifically, ROYAL owned, operated, managed, maintained, and/or controlled the vessel, the *Allure of the Seas*.

18. At all times material hereto, Defendant had exclusive custody and control of the vessel, the *Allure of the Seas*.

19. On or about the date of this incident which is the subject of this Complaint, July 11, 2022, DANIEL COHEN was a paying passenger aboard the *Allure of the Seas*, which was in navigable waters.

20. On or about July 11, 2022, DANIEL COHEN, was visiting Labadee as a ROYAL passenger authorized to visit the peninsula in the course of the scheduled itinerary of his voyage.

21. While on the peninsula, DANIEL COHEN went for a swim in the ocean located along the shore of the beach in Labadee.

22. While swimming in the ocean, his left foot came into contact with a concrete pile-on that was submerged underwater, causing serious injury (hereinafter "the incident").

23. As a direct and proximate result of the incident, Plaintiff, DANIEL COHEN, was injured in and about his body and extremities; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of his injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

## COUNT 1 - NEGLIGENCE

24. Plaintiff, DANIEL COHEN, adopts and re-alleges paragraphs 1-23, as if they were reproduced herein, and further alleges:

25. At all times material hereto, the private peninsula Labadee, and the facilities thereon, including the surrounding ocean, were owned, operated, and controlled by ROYAL.

26. At all times material hereto, ROYAL owed Plaintiff, a fare-paying passenger lawfully aboard a passenger vessel it operated, a duty of reasonable care, including the duty to

take reasonable steps to maintain the swimming areas offered to said passengers as described in paragraphs 21 and 22, in a reasonably safe condition.

27. At all times material hereto, the swimming area described above was located in a high volume swimming area and the passengers aboard the various ROYAL vessels were encouraged to use the swimming area as part of the amenities offered on Labadee.

28. At all times material hereto, ROYAL knew or should in the exercise of reasonable care have known of the existence of the concrete pile-on submerged in the swimming area.

29. Plaintiff was injured due to the fault and/or negligence of ROYAL, and/or its agents, servants, joint ventures, and/or employees as follows:

   a. failure to provide passengers, including Plaintiff, with a swimming area free of hazards, and/or

   b. failure to maintain a reasonably safe area to swim in the area of Plaintiff's injury, and/or;

   c. failure to identify the hazard which caused Plaintiff injure himself, and/or

   d. failure to adequately inspect the swimming area where Plaintiff suffered his incident, and/or;

   e. failure to warn Plaintiff of the hazard posed to him by the submerged concrete pile-on, and/or;

   f. failure to warn Plaintiff of the risks or and/or hazards posed to him due to the lack of adequate maintenance and/or inspection of the area where Plaintiff suffered his injuries, and/or;

   g. failure to maintain the area where Plaintiff suffered his incident in a reasonably safe condition, and/or;

    h. failure to correct the hazard which caused Plaintiff to suffer his accident, and/or;

    i. failure to eliminate and/or modify the hazard which caused Plaintiff to suffer his incident, and/or;

    j. failure to promulgate and/or enforce policies and procedures aimed at ensuring that the dangerous and/or hazardous condition which caused Plaintiff's incident would be discovered and corrected, and/or;

    k. failure to promulgate and/or enforce adequate policies and procedures aimed at warning passengers, and Plaintiff in particular, of the dangerous and/or hazardous condition that caused Plaintiff's injury, and/or;

    l. failure to promulgate and/or enforce adequate policies and procedures aimed at maintaining Defendant's premises in a reasonably safe condition for its passengers.

all of which caused and/or contributed to Plaintiff becoming injured while on Labadee during his voyage on the *Allure of the Seas*.

30. At all times material hereto, ROYAL had exclusive control and custody of Labadee.

31. All of the above caused and/or contributed to Plaintiff being injured when he suffered the above described injury while aboard the *Allure of the Seas*.

32. Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the condition existed for a sufficient length of time so that ROYAL should have learned of the condition and corrected it.

33. As a result of the negligence of ROYAL, Plaintiff was injured in and about his body and extremities; suffered pain therefrom; suffered physical handicap; suffered

disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of his injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

WHEREFORE, the Plaintiff, DANIEL COHEN, prays for entry of a judgment against the Defendant, ROYAL CARIBBEAN CRUISES LTD., for damages together with interest and costs of this suit, and reasonable attorneys' fees, along with any other further relief as this Court may deem just, equitable and proper

Respectfully submitted,

**FENSTERSHEIB LAW GROUP, P.A.**

/s/ *Jason . R. Manocchio*
By: Jason R. Manocchio, Esq.
Florida Bar No: 92477
Attorney for Plaintiff
Fenstersheib Law Group, P.A.,
520 West Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone:  (954) 456-2488
Facsimile:   (954) 867-1844
Primary: jm@fenstersheib.com
Secondary: jm-pleadings@fenstersheib.com

DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, DANIEL COHEN, by and through the undersigned attorneys and hereby makes a demand for trial by jury on all issues so triable.

Respectfully submitted,

**FENSTERSHEIB LAW GROUP, P.A.**

/s/ *Jason . R. Manocchio*
By: Jason R. Manocchio, Esq.
Florida Bar No: 92477
Attorney for Plaintiff
Fenstersheib Law Group, P.A.,
520 West Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone: (954) 456-2488
Facsimile: (954) 867-1844
Primary: jm@fenstersheib.com
Secondary: jm-pleadings@fenstersheib.com